IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TIMOTHY MARSH | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 1:18-cv-00787-LO-IDD |
| | : | |
| GERALD CURRAN, ESQUIRE, ET. AL | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH

COME NOW, Deponents, Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn, by and through undersigned counsel, and in support of their Motion to Quash, say:

**I.      FACTS**

This matter arises out of a divorce action filed in the Circuit Court for Loudoun County, Virginia. Plaintiff, the husband in the divorce, alleges that Defendants Gerald Curran, Damian McGarry and the Law Office of Curran, Moher& Weis, P.C. (hereinafter Defendants), his wife's attorneys, obtained audio recordings which he asserts were illegally made by his wife's sister and brother-in-law. Plaintiffs filed a motion to strike evidence of adultery, asserting that the only evidence of adultery in the divorce was contained on the audio recordings. Subsequent to hearing on said motion, Defendants retained counsel, the moving parties, Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn (hereinafter collectively Deponents) to ensure compliance with the Circuit Court's ruling in regards to the manner in which Defendants could take depositions by written question in the divorce action.

Plaintiff now sues in this Court alleging the Defendants violated federal and state wiretapping laws.

Plaintiff's counsel has served subpoenas compelling depositions of Deponents, appended hereto as Exhibit 1, Exhibit 2, and Exhibit 3, and a Notice of Deposition appended hereto as Exhibit 4. The subpoenas seek the same information, and therefore, will be discussed herein collectively. Deponents have served objections to the subpoenas, appended hereto as Exhibits 5, 6 and 7.

## II. LEGAL ARGUMENT

On timely motion, a subpoena may be quashed or modified where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or. . . subjects a person to undue burden." Fed R. Civ. Pro. 45(d)(3).

The subpoenas at issue should be quashed as they seek privileged information. The subpoena should further be quashed, in part, as they attempt to invade the Deponents' mental impressions. Such privilege is separate and apart from the attorney-client privilege. *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). In *Hickman* the Supreme Court explained that protection of an attorney's mental impressions is essential so that lawyers can "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." 329 U.S. at 510. Such privacy is necessary as if it did not exist "much of what is now put down in writing would remain unwritten…. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial…. the interests of the clients and the cause of justice would be poorly served." *Id.* As such, the protection extends to both attorney and client, "protecting the interest of the attorney in his own

work product." *In re Grand Jury Subpoena*, 463 F. Supp. 2d 573, 575 (W.D.Va. 2006)(citing *In re: Grand Jury Proceedings # 5*, 401 F.3d 247, 250 (4th Cir. 2005)).

The Fourth Circuit has explained that:

> The work product privilege protects an attorney's work done in preparation for litigation. *United States v. Under Seal (In re Grand Jury Proceedings),* 33 F.3d 342, 348 (4th Cir. 1994). ***It is premised on the idea that 'not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.*** ' *Hickman v. Taylor*, 329 U.S. 495, 510, 91 L. Ed. 451, 67 S. Ct. 385 (1947). The privilege encompasses both 'fact' work product and 'opinion' work product. Fact work product, which consists of documents prepared by an attorney that do not contain the attorney's mental impressions, 'can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.' *In re Grand Jury Proceedings*, 33 F.3d at 348; *see also In re John Doe*, 662 F.2d 1073, 1076 (4th Cir. 1981) (defining fact work product). Opinion work product, which does contain the fruit of an attorney's mental processes, is 'more scrupulously protected as it represents the actual thoughts and impressions of the attorney.' *In re Grand Jury Proceedings*, 33 F.3d at 348. Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, *Hickman*, 329 U.S. at 511, the attorney, as well as the client, hold the privilege.

In re Grand Jury Proceedings #5), 401 F.3d 247, 250 (4th Cir. 2005)(emphasis added). As Judge Conrad discussed in *In re Grand Jury Subpoena*:

> There are two types of work product material: opinion work product and fact work product. *In re: Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994). Opinion work product includes the thoughts and mental impressions of an attorney. *Id.* (citing *In re John Doe*, 662 F.2d 1073, 1079-80 (4th Cir. 1981)). Therefore, it can only be discovered in 'extraordinary circumstances,' and the requesting party must demonstrate a 'compelling' need. *In re John Doe*, 662 F.2d at 1080. Fact work product consists of documents prepared by an attorney that do not contain the attorney's mental impressions. It is discoverable 'upon a showing of both substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.' *In re: Grand Jury Proceedings # 5*, 401 F.3d at 250 (citing *In re: Grand Jury Proceedings*, 33 F.3d at 348).

*Id.,* 463 F.Supp. 2d. at 575-6. Here, the subpoenas seek not only the production of documents, but also testimony. Concerning the latter, each of the topics involve discovery of factual matters,

requiring Plaintiff to show both a substantial need and an inability to secure the substantial equivalent by alternate means without undue hardship. Such need and inability do not exist here. Many of the topics further implicate attorney mental impressions requiring a showing of "extraordinary circumstances" and a compelling need, neither of which is present. In regards to mental impressions Topics Nos. 8 through 13 seek information in regards to:

8. The steps taken by the law firm to determine/identify which deposition questions to Monika Pawar came from information from the recordings, and which questions were so identified, by whom and how.

9. The steps taken by the law firm to determine which deposition questions to Monika Pawar should be removed from the deposition questions propounded for Monika Pawar in preparing the written interrogatory questions, and which questions were removed and why, by whom and how.

10. The steps taken by the law firm to determine/assess their ethical responsibilities in connection with the recordings, when the steps taken, who involved, what was assessed and/or determined, what advice or guidance given or received, by whom, to whom.

11. The steps taken by the law firm to determine/assess their legal liability in connection with the recordings, when the steps were taken, who involved, what was assessed and/or determined, what advice or guidance was given or received, by whom, to whom.

12. The steps taken by the law firm to determine/assess the legal liability of Andrea Marsh and/or any of the family members of Andrea Marsh in connection with the recordings, when the steps were taken, who involved, what was assessed and/or determined, what advice or guidance was given or received, by whom, to whom.

13. All facts related to, and the reasons and bases for, the assertion in the Defendant Lawyers Motion to Dismiss First Amended Complaint (DE 39) that 'attorney's use of illegally taped conversations in a judicial proceeding is privileged.'

Each of these topics invade the mental impressions of counsel and should be quashed.

In regards to the remaining topics, Plaintiff cannot show a substantial need to ask the Defendants' counsel retained to advise him in the underlying matter the same questions which

could be asked of the Defendant nor any inability to secure the substantial equivalent of such testimony by such alternative means. In regards to Topics Nos. 1, 3, 5, 14, 15, and 16, when the Deponent was provided the subject tapes by the Defendant is certainly available by other means as are the statements of the Defendant as are the advice or instruction given (Topic No. 2). Plaintiff must make this showing.

In regards to the documents sought by the subpoenas it is entirely unclear what Plaintiff seeks. Copies of the documents themselves are included in the subpoenas. As such, Plaintiff clearly has access to the same and need not require further production of such documents. To the extent Plaintiff instead wants to depose the witnesses in regards to such documents (a topic which is in no way addressed in the subpoenas) they intrude upon privilege. Topic No. 17 is an email between Deponents and Defendant. While Defendant may have waived attorney-client privilege by producing the same, this has not been litigated by this Court. Moreover, it is entirely unclear what Plaintiff desires Deponents do other than bring a copy of an email already apparently produced in discovery. Any questions in regards to such email (which are not addressed in the subpoenas), other than those pertaining to authenticity, would intrude on both the attorney-client privilege as well as the work-product privilege. The same is true of Topics Nos. 18 and 20, asking Deponents to bring logs of audio files. In regards to the audio files themselves, which are not referenced in the subpoena, any questions in regards to the same, other than those relating to authenticity, would necessarily intrude upon such privileges.

In regards Topic No. 19, Plaintiff appears to be referencing Defendant's privilege log where Defendant has asserted various privileges. Assuming Plaintiff desires Deponents to discuss the correspondence referenced therein, leaving aside Plaintiff's need (substantial or otherwise), Plaintiff clearly has an ability to secure the substantial equivalent of any testimony in

regards to such items which would clearly be more appropriate and would not create any undue hardship, to wit: litigating the privileges asserted by the party who asserts same in this Court.

### III.  **CONCLUSION**

For the foregoing reasons this Honorable Court should GRANT Deponents Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn's Motion to Quash and QUASH the subpoenas duces tecum directed at them in whole or in part and provide such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

MARK R. DYCIO, THE LAW OFFICES OF MARK R. DYCIO, P.C., D/B/A DYCIO & BIGGS, and DANIELLE A. QUINN

By counsel,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

/S/ James S. Liskow
James S. Liskow
V.S.B. No. 75883
3930 Walnut Street, Suite 250
Fairfax, Virginia 22030
Tel:    (703) 255-6667
Fax:    (703) 299-8548
jliskow@decarodoran.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  2nd  day of   August  , 2019, a copy of the foregoing was electronically filed to:

Jon D. Pels, Esquire
Kerry Edwards, Esquire
Alvaro Llosa, Esquire
8500 Leesburg Pike, Suite 400
Vienna, VA  22010

Matthew William Lee, Esquire
Christina Maria Heischmidt, Esquire
Eric Patrick Burns, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Drive, Suite 510
McLean, VA  22101

Bernard J. DiMuro, Esquire
Michael S. Lieberman, Esquire
M. Jarrad Wright, Esquire
Jayna Genti, Esquire
DiMuro Ginsburg, PC
1101 King Street, Suite 610
Alexandria, VA  22314

  /s/ James S. Liskow
James S. Liskow

I:\Common\WP\L4\JSL\2-CLIENT FILES\Marsh v. Curran\Pleadings\MemoSupportMotionQuash.docx