IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TIMOTHY MARSH                          :
                                       :
     Plaintiff                    :
                                       :
v.                                     :          Civil Action No. 1:18-cv-00787-LO-IDD
                                       :
GERALD CURRAN, ESQUIRE, ET. AL   :
                                       :
     Defendants                   :

## REPLY TO OPPOSITION TO MOTION TO QUASH

COME NOW, Deponents, Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn, by and through undersigned counsel, and in Reply to Plaintiff's Opposition to their Motion to Quash, say:

## I.    FACTS

Deponents, Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn (hereinafter Deponents) hereby adopt and incorporate their Statement of Facts as contained within their Memorandum of Points & Authorities in support of the instant Motion to Quash and add the following:

In filing his Opposition Plaintiff ignores the language of his own subpoenas and what they seek from Deponents. The subpoenas, by Plaintiff's own admission, seek to subvert the Defendants' claims of privilege. Plaintiff seeks to bypass the discovery process and motions practice by instead demanding disclosure of material which Defendants apparently consider privileged and which Plaintiff has not litigated with Defendants. Plaintiff makes it clear that this is in fact his goal in his Opposition:

> Immediately following the Court's July 12, 2019 ruling, counsel for Plaintiff sought to confirm the documents and depositions requested based on the Court's

1

> rulings. See Emails from J. Pels to M. Lee, et al., dated July 16, 2019, July 12 2019, attached hereto as Exhibit 5. ***When Defendant Lawyers' counsel refused to facilitate the production of documents from and depositions of the Dycio Deponents*** (see Email from M. Lee to J. Pels, dated July 16, 2019, attached hereto as Exhibit 6), ***Plaintiff sought to serve subpoenas on the Dycio Deponents, which was met with resistance*** (see Exhibit 7 attached hereto). . . .

(Plaintiff's Opp. at pg. 5)(Emphasis added). That Plaintiff seeks to have these Deponents provide documents which Defendants have withheld is made all the more clear by Exhibit 5 to Plaintiff's Opposition to the instant Motion wherein Plaintiff's counsel states to Defense counsel:

> To be clear, we requested all documents relating to the Dycio representation that was before Judge Davis, that is documents in your clients' possession, documents that you provided to the Dycio law firm and the documents that are relevant in the possession of your client's lawyers, the Dycio law firm, including their internal communications on the topic that relate to the advice of counsel defense ruled on by Judge Davis. If you disagree about the scope of the requested and proper discovery within the scope of Judge Davis' rulings from the July 12, hearing please let us know immediately what specifically you dispute so that we may meet and confer and bring on any motion to compel as needed.

In the above, Plaintiff's counsel appears to understand and agree that he should litigate the privilege claimed by the Defendants with the Defendants. Far from seeking a resolution with the parties asserting privilege or litigating it with such parties, Plaintiff attempts an end-run on their attorneys, demanding that they produce what their clients would not. The mere existence of a privilege log confirms that Defendants maintain that such items are privileged.

Throughout Plaintiff's Opposition he points to the rulings made by Judge Davis at this Honorable Court's July 12, 2019, hearing. Deponent's work-product privilege cannot and was not the subject of Judge Davis' ruling as it was not at issue and is Deponents', not Defendants', privilege. However, the subpoenas seek not only to invade their mental impressions as attorneys.

## II.   <u>LEGAL ARGUMENT</u>

Deponents hereby adopt and incorporate their Legal Argument as contained within their Memorandum of Points & Authorities in support of the instant Motion to Quash and add the following:

Plaintiff contends that work-product material can be discoverable due to a waiver of the attorney-client privilege. Plaintiff contends he is entitled to "all of the facts, regardless of source, and law considered by the Dycio Deponents in formulating the advice given to Defendant Lawyers." (Plaintiff's Opposition at pg. 12). *JJK Mineral Co. v. Swiger*, 292 F.R.D. 323 (N.D.W.Va. 2013), the case which Plaintiff chiefly relies, concerned the filing of an action for vexatious litigation. The defendant in that case asserted that it believed it could file suit on the advice of counsel. Plaintiff sought production of defendant's prior counsel's files and deposition testimony. In ruling on the claims of privilege asserted the Court did not give the plaintiff *carte blanche* into the defense counsel's files. Instead, the Court held:

> JJK's right to know extends from the beginning of the process that led to any advice given by the Daniels Law Firm to Swiger that he had a valid right to prosecute said Mon County civil action    against JJK. It is unknown when that process began. Only the Daniels Law Firm and Swiger know that date. That date must have been sometime in the continuum between when Swiger first consulted the Daniels Law Firm concerning the property dispute and when he filed the amended complaint joining JJK as a party defendant in the Mon County Civil Action. ***JJK's right to know ceases with the filing of the state court action against it. JJK is not entitled to the trial strategy developed by the Daniels Law Firm after the JJK was joined in the state court action. Nor is JJK entitled to attorney-client communications, fact work product and opinion work product solely dealing with Swiger's claims against the Wangs unless the same were also used in forming the opinion to bring JJK in to the state court action.***

*Id.* at *338.[1] Here, the contention is the Defendants received recordings and sought the advice of counsel as to how to ensure that such materials were not utilized a deposition upon written questions. The representation occurred after ruling by the state court as to how the deposition should be conducted. The deposition upon written question occurred at a known date. The same timing concerns involved in *JJK* are not present here. Nor are the same concerns regarding the subject matter. Here, there are known recordings and known actions. What Judge Kaull was most concerned with was the deponent attorneys withholding information concerning unknown discussions between counsel and their client and information which may have been communicated to the client which the client may have chosen to ignore. The subject of the

---

[1]      The plaintiff in *JJK*, as here, urged such a ruling, in that case relying upon *Brigham and Women's Hospital Inc., et al v. Teva Pharmaceuticals USA,* 707 F.Supp.2d 463, 471-472 (D. Delaware 2010). The Court explained that:

> Plaintiff urges the undersigned to adopt the last full sentence of the above Brigham holding as authority to give Plaintiff all of the withheld documents that may be in the Daniels law firm insofar as they may relate to the advice given Defendant in bringing the Monongahela County State Court case. To do so requires the undersigned to ignore footnote 8 in the Brigham opinion which modifies the above quoted holding. FN8 reads:

>> With regard to documents otherwise protected under the work-product doctrine, the waiver applies to communicative documents between client and counsel, such as opinion letters, and to any of counsel's documents which reference a communication between client and counsel, even if such documents are not themselves communications to or from a client . ... However, documents or portions of documents which reflect counsel's mental impressions, legal conclusions, or litigation strategy, and which were not given to the client and do not contain reference to client communications, remain protected under the work-product doctrine [.] (emphasis added by the undersigned) *citing In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302-04 (Fed. Cir. 2006).

*Id.* at *330.

instant Motion is the topics contained in Plaintiff's subpoenas which go far beyond asking for internal memoranda, but literally ask Deponents what they were thinking and why.

In regards to the document requested in the subpoenas, if Plaintiff believes that Defendants are improperly withholding documents under a claim of attorney-client privilege Plaintiff should address such privilege with the parties that claim the privilege—the Defendants—and, perhaps, this Honorable Court. Not Deponents. Deponents should not be placed in the unenviable position of being forced to apply and interpret this Honorable Court's rulings and waiving Defendants' claims of privilege for Defendants where the limits of the Court's ruling are clearly contested by the parties.

In regards to Plaintiff's assertions that Deponents should have attempted to meet and confer prior to filing the instant Motion, the instant Motion is filed pursuant to Fed. R. Civ. Pro. 45. Such Rule contains no meet and confer requirement. This is not a Motion for Protective Order pursuant to Fed. R. Civ. Pro. 26(c). Nor is the instant Motion on seeking to compel discovery pursuant to Fed. R. Civ. Pro. 37. Instead, Fed. R. Civ. Pro. 45(d)(3) provides in full:

    (3)    Quashing or Modifying a Subpoena.

        (A)    When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

            (i)    fails to allow a reasonable time to comply;

            (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

            (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

            (iv)    subjects a person to undue burden.

    (B)    **When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        (i)    disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    (C)    **Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        (ii)    ensures that the subpoenaed person will be reasonably compensated.

Central to the above is that a Motion to Quash must be timely. The instant Motion was filed immediately after undersigned counsel was retained and noticed on the next Friday's motions day (and was subsequently rescheduled to accommodate Plaintiff's counsel and moved again to accommodate Defense counsel). Fed. R. Civ. Pro. 45 contains no requirement that a non-party meet and confer prior to filing a Motion to Quash. Such a requirement is also absent from LCvR 45.[2]

---

[2]    Deponents note that Plaintiff's Opposition contains a recitation of email correspondence between Plaintiff's counsel and undersigned counsel. Undersigned counsel attempted to contact Mr. Pels on the telephone at least twice after receiving Mr. Pels' email communication but received his receptionist and such telephone call was never returned.

### III.   <u>CONCLUSION</u>

For the foregoing reasons this Honorable Court should GRANT Deponents Mark R. Dycio, The Law Offices of Mark R. Dycio, P.C., d/b/a Dycio & Biggs, and Danielle A. Quinn's Motion to Quash and QUASH the subpoenas duces tecum directed at them in whole or in part and provide such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

MARK R. DYCIO, THE LAW OFFICES OF MARK R. DYCIO, P.C., D/B/A DYCIO & BIGGS, and DANIELLE A. QUINN

By counsel,

DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

/S/ James S. Liskow
James S. Liskow
V.S.B. No. 75883
3930 Walnut Street, Suite 250
Fairfax, Virginia 22030
Tel:     (703) 255-6667
Fax:     (703) 299-8548
jliskow@decarodoran.com

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this <u> 23rd </u> day of <u>      August      </u>, 2019, a copy of the

foregoing was electronically filed to:

Jon D. Pels, Esquire
Kerry Edwards, Esquire
Alvaro Llosa, Esquire
8500 Leesburg Pike, Suite 400
Vienna, VA  22010

Matthew William Lee, Esquire
Christina Maria Heischmidt, Esquire
Eric Patrick Burns, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Drive, Suite 510
McLean, VA  22101

Bernard J. DiMuro, Esquire
Michael S. Lieberman, Esquire
M. Jarrad Wright, Esquire
Jayna Genti, Esquire
DiMuro Ginsburg, PC
1101 King Street, Suite 610
Alexandria, VA  22314

  /s/ James S. Liskow
James S. Liskow

I:\Common\WP\L4\JSL\2-CLIENT FILES\Marsh v. Curran\Pleadings\ReplyOppMotionQuash.docx